Venkat Guntipally, Movant
BOP Prison Reg. No. 20028-111
37817 Laurus Court
Fremont, CA 94536
Email: vgtmobile14@gmail.com



FILED
JAN 11 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Respondent,

CR-16-189-LHK

v.

Cv. Case No: 5:19-cv-00098-LHK

VENKAT GUNTIPALLY,

Movant.

**PETITIONER'S MOTION TO TAKE LEAVE FROM THE COURT TO FILE A SUPPLEMENTAL ISSUE BASED ON THE GOVERNMENT'S FAILURE TO DISCLOSE EXCULPATORY AND IMPEACHMENT EVIDENCE PRIOR TO SENTENCING**

**INTRODUCTION**

Petitioner seeks to take leave from the Court to supplement his now-pending § 2255 Motion to include a new issue based on newly discovered evidence – credible evidence showing that the government engaged in *Brady* violations by failing to provide potentially exculpatory and impeachment evidence to Mr. Guntipally's counsel.[1]

**STATEMENT OF FACTS**

---

[1] Specifically, Mr. Guntipally declares that newly discovered evidence shows that the government withheld the recantations of two alleged coconspirators, Sandhya Ramireddi and Sunitha Guntipally.

1

On January 07, 2019, Petitioner filed a motion under 28 U.S.C. § 2255 asserting claims involving ineffective assistance of counsel as his grounds for relief. On December 27, 2017, Ms. Ramireddi, proceeding *pro se*, filed a motion to reconsider her conviction, asserting, "I am innocent of the alleged crime." Mot. Vacate at 1 (N.D. Cal. ECF No. 225. Ms. Ramireddi alleged that her attorney "made" her "plead guilty to a charge" that was not, and is not, "supported by facts and law." *Id.* at 3. "But for" her counsel's "failure to investigate the facts and research the law," Ms. Ramireddi emphasized, she "would not have plead[ed] guilty to the alleged offense." *Id.*[2]

> "As per the Plea Agreement I was charged and sentenced for the alleged crime under the section 18 U.S.C. 1001(a)(3). I was defended by the Public Defender's office. **I am innocent of the alleged crime.** I was not effectively represented by my counsel as a result, I plead guilty to all charges as advised by my attorney."

See, *United States v Sandhya Ramireddi*, Case No: CR 16-00189 LHK, Document 223, FILED 12/29/2017 (Motion to Reconsider and Vacate My Conviction) ((with emphasis)).

Had Mr. Guntipally known about Ms. Ramireddi recanting her sworn statements *prior* to his initial sentence, he declares that he would have changed his mind about whether to plead guilty, and thus, would have filed his motion to withdraw his guilty plea.[3] Respectfully, it is sufficient that this newly-discovered evidence is relevant evidence in Mr. Guntipally's favor that could have at least plausibly motivated a reasonable person in Mr. Guntipally's position to withdraw their guilty plea had they known about the evidence prior to their initial sentence.

---

[2] On December 29, 2017, this Court summarily denied her motion. *See generally* Order Denying Mot. Vacate (N.D. Cal. ECF No. 223).

[3] "A defendant 'should be freely allowed' to withdraw a guilty plea before sentencing if he 'can show a fair and just reason for requesting the withdrawal.'" *United States v. Baptista*, 738 F. App'x 384, 386 (9th Cir. 2018) (quoting *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009)); See also, *See United States v. Garcia-Lopez*, 903 F.3d 887, 891 (9th Cir. 2018). Generally, "any . . . reason for withdrawing the plea that did not exist when the defendant entered the plea" may be a fair and just reason. *Id.* (quoting *United States v. Yamashiro*, 788 F.3d 1231, 1236 (9th Cir. 2015)).

Significantly, Ms. Ramireddi was the Government's star witness and a key alleged co-conspirator who alleged made incriminating statements involving her alleged criminal involvement with Mr. Guntipally – now, Ms. Ramireddi asserts that she is actually innocent of the offense to which she pleaded guilty. In addition, newly discovered evidence shows that a second coconspirator has also pleaded guilty and has recanted too – one of these two is Mr. Guntipally's wife, Sunitha Guntipally.[4] See, *United States v Sunitha Guntipally*, Case 5:16-cr-00189-LHK, Document 296, Filed 01/04/19 (Defendant Sunitha Guntipally's Motion to Withdraw Her Guilty Plea).

On Tuesday, December 18, at the hearing slated for her resentencing, Ms. Guntipally informed this Court that she desired to move to withdraw her guilty plea because she believed that she was *actually innocent* of the charged offense and had only proceeded this far down the path toward resentencing out of financial concerns. See, *United States v Sunitha Guntipally*, Case 5:16-cr-00189-LHK, Document 296, Filed 01/04/19 (Defendant Sunitha Guntipally's Motion to Withdraw Her Guilty Plea).

## ARGUMENT

**A. Prior to, and after, Mr. Guntipally's initial sentencing, two of Mr. Guntipally's alleged co-conspirators have asserted that they are actually innocent.**

A guilty plea is not valid if made without awareness of material exculpatory evidence possessed by the prosecution. In *Sanchez v. United States*, the Ninth Circuit adopted an even more expansive view of a defendant's Brady rights during plea bargaining.[5] The Ninth Circuit

---

[4] Even if this Court does not credit the court filings of Ms. Ramireddi's and Ms. Guntipally, it would be admissible against both of them in a trial and severely impeach their credibility. Significantly, because Mr. Guntipally asserts his legal innocence the information withheld is material to his defense. *Brady*.

3

began by discussing whether a defendant may raise a Brady claim to vacate a guilty plea, noting that the Second, Sixth, and Eighth Circuits had already answered in the affirmative.[6] The Ninth Circuit likewise allowed post-plea Brady challenges, finding that a guilty plea cannot be knowing and voluntary if made without knowledge of material evidence suppressed by the prosecution.[7] However, rather than following the Sixth Circuit's method of considering the totality of the circumstances in determining whether a guilty plea was valid, the Ninth Circuit held that a Brady violation automatically renders a plea unknowing and involuntary.[8] The court found that such a rule makes sense because "'a defendant's decision whether or not to plead guilty is often heavily influenced by his appraisal of the prosecution's case.'"[9]

The court also noted that prohibiting defendants from asserting Brady claims to challenge guilty pleas would tempt prosecutors to "deliberately withhold exculpatory information as part of an attempt to elicit guilty pleas."[10] While the court appeared to believe it was following the other circuits, it failed to note that the Second Circuit had not found that a Brady violation prevented a plea from being knowing and voluntary, but had instead found that a Brady violation constitutes official misconduct that negates an otherwise knowing and voluntary plea.[11]

---

[5]   50 F.3d 1448 (9th Cir. 1995).
[6]   *See id.* at 1453.
[7]   *See id.*
[8]   *See id.* ("A waiver cannot be deemed intelligent and voluntary if entered without knowledge of material information withheld by the prosecution." (internal quotation marks omitted)); *see also* Lain, *supra* note 154, at 8.
[9]   *Sanchez*, 50 F.3d at 1453 (quoting Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988)).
[10]  *Id.*

[11]  *Compare id.* ("Three circuits have held that a defendant can argue that his guilty plea was not voluntary and intelligent because it was made in the absence of withheld *Brady* material."), *with* Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988) ("[W]e conclude that even a guilty plea that was 'knowing' and 'intelligent' may be vulnerable to challenge if it was entered without knowledge of material evidence withheld by the prosecution."). The court also adopted the same standard of materiality as the Second

4

All-in-all, following Mr. Guntipally's guilty plea, prior to his initial sentence, Ms. Ramireddi, a codefendant, recanted her guilty plea in a filing before this Court. As this Court suggested at sentencing, Ms. Ramireddi was the Government's most prominent witness and a key alleged co-conspirator who alleged a supervisory relationship with Ms. Guntipally. Now, she asserts that she is actually innocent of the offense to which she pleaded guilty. In addition, Ms. Guntipally, another of Mr. Guntipally's alleged co-conspirators, who also pleaded guilty has recanted too. Even if this Court does not credit Ms. Ramireddi's and Ms. Guntipally's court filing, both filings would be admissible against them in a trial and severely impeach their credibility.

At the time that Mr. Guntipally pleaded guilty, two of his codefendants had pleaded guilty. If, at that time, Ms. Ramireddi had not yet pleaded guilty, Mr. Guntipally declares that he may not have been in such fear of wrongful conviction at trial.

Subsequent to Mr. Guntipally pleading guilty, his wife, Ms. Guntipally had pleaded guilty. With Ms. Guntipally's justifiable "cause" for withdrawing her guilty plea[12] Mr. Guntipally declares that he would not have been coerced into pleading guilty.[13]

Against this backdrop, the Ninth Circuit has effectively adopted a "per se" rule whereby a *Brady* violation *automatically* precludes a knowing and voluntary plea. *See Sanchez*, 50 F.3d at 1453, supra. Based on the totality of circumstances, this Court ought to grant Mr. Guntipally's

---

Circuit in *Miller*, finding that *Brady* evidence is material only when there is a reasonable probability that the defendant would not have pleaded guilty had he received the undisclosed information. *See Sanchez*, 50 F.3d at 1453.

[12] See, *United States v Sunitha Guntipally*, Case 5:16-cr-00189-LHK, Document 296, Filed 01/04/19 (Defendant Sunitha Guntipally's Motion to Withdraw Her Guilty Plea).
[13] See, *United States v Venkat Guntipally*, 5:16-cr-00189-LHK, Docket No. 297 (Mr. Guntipally's 2255 Exhibit 1, at ¶¶ 2 - 4 ((Sworn Declaration of Venkat Guntipally).

instant motion to take leave from the court, for the limited purposes of filing his new issue – based on newly discovered evidence – credible evidence showing that the government engaged in *Brady* violations by failing to provide potentially exculpatory and impeachment evidence to Mr. Guntipally, or his legal counsel.

## CONCLUSION

For the reasons set forth, there are fair and just reasons for Mr. Guntipally filing this motion to take leave from the court, for the limited purpose of presenting his newly-discovered *Brady* violations in his now-pending § 2255 Motion; to include a supplemental issue based on newly discovered evidence – credible evidence showing that the government engaged in *Brady* violations by failing to provide potentially exculpatory and impeachment evidence to Mr. Guntipally's and/or his legal counsel. Accordingly, Mr. Guntipally submits that he will file his Memorandum of Points and Authorities in support of his Supplemental Brady claim on or before January 16, 2019.

DATE: 1 / 11 /2019

Respectfully submitted,

_____
Venkat Guntipally, Movant
BOP Prison Reg. No. 20028-111
37817 Laurus Court
Fremont, CA 94536
Email: vgtmobile14@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, __1__/__11__/2019, a true and correct copy of the foregoing was furnished by United States Mail to:

U.S. Attorney's Office
Heritage Bank Building
150 Almaden Blvd. Suite 900
San Jose, CA 95113

DATE: __1__/__11__/2019

Respectfully submitted,

Venkat Guntipally, Movant
BOP Prison Reg. No. 20028-111
37817 Laurus Court
Fremont, CA 94536
Email: vgtmobile14@gmail.com