Venkat Guntipally, Movant
BOP Prison Reg. No. 20028-111
37817 Laurus Court
Fremont, CA 94536
Email: vgtmobile14@gmail.com



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

**UNITED STATES OF AMERICA,**

        Respondent,      CR-16-189 LHK-2

v.                  Cv. Case No: 5:19-cv-00098-LHK

**VENKAT GUNTIPALLY,**

        **Movant.**

### EMERGENCY MOTION TO DISQUALIFY DISTRICT JUDGE LUCY KOH
### MEMORANDUM OF FACTS and LAW and DECLARATION IN SUPPORT THEREOF

COMES NOW, Petitioner Guntipally, pro se, and files his hereby moves Judge Lucy Koh, pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455, to immediately disqualify herself from all future proceedings in this manner.

Respectfully, this motion is necessitated, in part, where the court's comments infer that the Court (District Judge Lucy Koh), has predetermined that Mr. Guntipally somehow "*obstructed justice*" when he chose to file his Motion for Relief under 28 U.S.C. § 2255 - on the date in which he freely chose. Certainly, this would cause a reasonable person to, at the very least, "harbor doubts" about the Court's impartiality in Mr. Guntipally's pending § 2255 matters. In support of this motion, Mr. Guntipally sets for the following facts and argument.

1

# MEMORANDUM OF FACTS AND LAW

## I. BACKGROUND

On May 5, 2016, a Thirty-Three count Indictment was filed in the Northern District of California, charging Sunitha Guntipally, Venkat Guntipally, Pratap "Bob" Kondamoori and Sandhya Ramireddi with violations of 18 U.S.C. § 371 – Conspiracy to Commit Visa Fraud, Use of False Documents, Mail Fraud, Obstruction of Justice and Witness Tampering (Count One); 18 U.S.C. § 1546(a) – Visa Fraud and 18 U.S.C. § 2 – Aiding and Abetting (Counts Two through Three); 18 U.S.C. § 1546(a) – Visa Fraud and 18 U.S.C. § 2 – Aiding and Abetting (Counts Four through Eleven); 18 U.S.C. § 1546(a) – Visa Fraud (Counts Twelve through Seventeen); 18 U.S.C. § 1001(a)(3) – Use of False Documents and 18 U.S.C. § 2 – Aiding and Abetting (Counts Eighteen through Twenty-Four); 18 U.S.C. § 1341 – Mail Fraud and 18 U.S.C. § 2 – Aiding and Abetting (Counts Twenty-Five through Twenty-Eight); 18 U.S.C. § 1505 – Obstruction of Justice (Count Twenty-Nine); 18 U.S.C. § 1512(b)(3) – Witness Tampering (Count Thirty through Thirty-Two); 18 U.S.C. § 1512(b)(3) – Witness Tampering and 18 U.S.C. § 2 – Aiding and Abetting (Count Thirty-Three); and a Forfeiture Allegation is included, pursuant to 18 U.S.C. § 981(a)(1)(C) and 982(a)(6)(A)(ii).

All defendants were charged in Counts One, Ten through Eleven, Eighteen through Twenty-Four, and Twenty-Five through Twenty-Eight. Sunitha Guntipally and Venkat Guntipally were charged in Counts Two and Three. Sunitha Guntipally, Venkat Guntipally, and Pratap "Bob" Kondamoori were charged in Counts Four through Nine. Pratap "Bob" Kondamoori was charged in Counts Twelve through Seventeen and Twenty-Nine. Sunitha Guntipally was charged in Counts Thirty through Thirty-Two; and with Sandhya Ramireddi in Count Thirty-Three.

On October 28, 2014, Venkat Guntipally made an Initial Appearance before magistrate judge, Howard R. Lloyd. He was ordered detained. On November 3, 2014, a Detention hearing was held and on November 4, 2014, he was released on a $500,000 cash bond under the supervision of U.S. Pretrial Services.

On April 24, 2017, the Petitioner pled guilty to Count One of the Indictment. Judgment and Sentencing were scheduled for June 13, 2018, before the Honorable Judge Lucy H. Koh, United States District Judge. Here, the Petitioner was sentenced to 30-months imprisonment. As of the date of this filing, for good cause shown, the Petitioner humbly remains on $500,000 cash bail.

On May 3, 2017, Ms. Sunitha Guntipally entered a plea of guilty as to Count 1 of the indictment. ECF No. 163. On November 29, 2017, the Court sentenced her to 52 months in custody. ECF No. 203.

On March 15, 2018, Sunitha Guntipally filed a motion in the Ninth Circuit to expedite her appeal. Ninth Circuit Appeal 17-10533, Dkt. 18. In the motion, she stated that she "now submits that her plea agreement was the product of ineffective assistance of counsel, so she could seek to withdraw her guilty plea." *Id.* at 3.

On August 22, 2018, in an unpublished decision, the Ninth Circuit vacated Ms. Guntipally's sentence because this Court did not invite Ms. Guntipally to allocute at her sentencing. ECF No. 278; *United States v. Guntipally*, 735 F. App'x 432 (9th Cir. 2018). The Ninth Circuit remanded to this Court for resentencing and did not address her ineffective assistance argument. *Id.* The Ninth Circuit's mandate issued on September 17, 2018. ECF No. 282.

On December 18, 2018, at Ms. Guntipally's resentencing hearing, her attorney stated: "[defendant] has asked me to convey to the Court that she intends to move to withdraw her guilty plea, and we would like to postpone today's sentencing to allow that to happen." 12/18/18 Tr. 4:12-15. Ultimately, defense counsel informed the court that that finances were Md. Guntipally's "main reason" for delaying her motion and that Schamel had "talked to her extensively about that today" to allay Ms. Guntipally's concerns. *Id.* 5:2-10.

On January 4, 2019, Ms. Guntipally filed her motion to withdraw her guilty plea. ECF No. 296 ("Mot."). In a footnote, Ms. Guntipally acknowledged her failure to file a declaration contemporaneously with the motion but provided no date certain by when Ms. Guntipally would file her declaration. ECF No. 296 at 10 n.2. Ms. Guntipally asserted that because she had "prepared this motion in an abbreviated timeframe and experienced extraordinary difficulty contacting counsel," Ms. Guntipally had been unable to "verify the details of a declaration." *Id.* Ms. Guntipally cited the difficulty of scheduling "unmonitored telephone calls" and stated that Ms. Guntipally and counsel had not spoken between the December 18, 2018 hearing and the January 4, 2019 motion.1 *Id.*

On January 7, 2019, Venkat Guntipally, filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255. ECF No. 297. Venkat, who is not yet in custody, signed his motion on January 4, 2019, the date of Ms. Guntipally's motion to withdraw her guilty plea. *Id.* at 12. In the motion, Venkat asserts that his former counsel, Leeming, pressured Venkat to plead guilty. *Id.* at 4.

On March 08, 2019, in a scathing Order denying Ms. Guntipally's Motion to Withdraw Her Guilty Plea, the court's comments infer that the district judge had predetermined that Venkat Guntipally obstructed justice... because he chose to file his pro se motion to vacate his sentence

4

under 28 U.S.C. § 2255... on the date in which he chose to file § 2255 Motion. Docket No. 334, at § 24.

Based on the facts and the law, the district judge's comments that she believed that Mr. Guntipally obstructed justice by filing his § 2255 Motion would cause a reasonable person to, at the very least, "harbor doubts" about the Court's impartiality in Mr. Guntipally's pending § 2255 matters. Hence, for all the reasons stated herein, district judge Lucy Koh should be recused from Mr. Guntipally's pending § 2255 matters.

## II. DISCUSSION

28 U.S.C. § 144, provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 455 provides:

Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

"[I]t is apparent that the two sections are not redundant but are complementary...." United States v. Silba, 624 F.2d 864, 868 (9th Cir. 1980). "[A] movant under section 144 must allege facts to convince a reasonable person that bias exists, while under the broader language of section 455, he must show only that a reasonable person 'would harbor doubts about the judge's impartiality.'" Phillips v. Join Legislative Committee on Performance & Expenditure Review, 637 F.2d 1014, 1019 (5th Cir. 1981), cert denied, 456 U.S. 960 (1982). In the instant case, based upon the declarations attached hereto, a "reasonable person" would be convinced that bias existed and, certainly, that person "would harbor doubts" about the Court's impartiality.

First, and most important, while Mr. Guntipally's § 2255 is still pending, Judge Lucy Koh addressed Ms. Guntipally's Motion to Withdraw Her Guilty Plea, and in the judge's Order denying Ms. Guntipally's Motion to Withdraw… Judge Lucy Koh made comments that directly infer that she believes that, Mr. Guntipally some how "obstructed justice" because of the timing in which he chose to file his now-pending § 2255. For instance, in the Judge's Order of denial, she wrote:

> "More important, the timing of Venkat's § 2255 motion strongly suggests that the § 2255 motion is an attempt to create new evidence to support Defendant's motion to withdraw guilty plea."
>
> "Venkat's curiously timed § 2255 motion—filed before he enters custody and over nineteen months after his own guilty plea—appears part of defendant's pattern of obstruction, and the Court affords it no weight."

See, Docket No. 334, at page 24.

Certainly, under Mr. Guntipally's circumstances, the court's comment would cause a reasonable person to, at the very least, "harbor doubts" about the Court's impartiality in presiding over Mr. Guntipally's now-pending § 2255 matters. In any event, contrary to Judge Koh's belief, Mr. Guntipally declares that he did not file his § 2255 Motion for purposes of obstructing justice. Rather, Mr. Guntipally chose to file his § 2255 Motion based the Rules governing 28 U.S.C. 2255. Hence, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that: A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of — (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action; (3) the date on which the right asserted was initially

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Importantly, under the facts and the law, it is not Mr. Guntipally's burden to show that any of Judge Koh's comments or rulings were, or will be, tainted by Judge Koh's prejudgment in believing that Mr. Guntipally engaged in obstructing justice when he filed his § 2255 Motion, for prejudice is inherent when a judge predetermines guilt. *Estes v. Texas*, 381 U.S. 532, 541-544, 548 (1965).

## A. Disqualification of District Judge Lucy Koh

Mr. Guntipally contends that the district judge exhibited such prejudice against him via her scathing remarks made in her Order denying Ms. Guntipally's Motion to Withdraw Her Guilty Plea... as to deny him his right to a fair ruling in his now-pending Motion for Relief under 28 U.S.C. § 2255 ... a basic requirement of due process. *In re Murchison*, 349 U.S. 133, 136, 75 S. Ct. 623, 625, 99 L. Ed. 942 (1955); see *Chessman v. Teets*, 239 F.2d 205, 215-16 (9th Cir. 1956), rev'd on other grounds, 354 U.S. 156, 77 S. Ct. 1127, 1 L. Ed. 2d 1253 (1957). A hearing by a biased judge does not comport with the fundamental concept of due process of law. Hence, Judge Koh's comments unavoidably show that the court prejudged Mr. Guntipally's intentions when he timely filed his § 2255 Motion. Thus, at this point, the court's comment bears repeating:

> "More important, the timing of Venkat's § 2255 motion strongly suggests that the § 2255 motion is an attempt to create new evidence to support Defendant's motion to withdraw guilty plea."

> "Venkat's curiously timed § 2255 motion—filed before he enters custody and over nineteen months after his own guilty plea—appears part of defendant's pattern of obstruction, and the Court affords it no weight."

7

Against this backdrop, Mr. Guntipally points to another case where the district court judge commented adversely on the attorney's credibility, but he said that **it would not prejudice his views**. In *Battaglia v. United States*, the Appellant prisoner filed a motion to set aside and vacate his conviction. He alleged that he consumed large quantities of drugs throughout the trial and that he was not able to fully communicate with his attorney. The attorney testified at the 28 U.S.C.S. § 2255 hearing that his client was not competent to assist at the trial. The district court judge commented adversely on the attorney's credibility, *but he said that it would not prejudice his views*. The district court denied the motion to set aside and vacate the conviction because it did not believe appellant's testimony. In reaching that decision, the judge relied on a presentence report that was not in evidence or disclosed to appellant. On appeal, the court reversed the order denying the motion to set aside and vacate the conviction and remanded the case. The court held that the district judge should have recused himself from conducting the hearing, disregarded the presentence report, or given appellant the report so he could object to it or attempt to rebut it. Here, the Ninth Circuit reversed the order denying appellant's motion to set aside and vacate the conviction and remanded the case. The court held that the district court judge should have recused himself and not considered the presentence report in reaching his decision or given appellant a copy of it so that he could either object to it or try to rebut the evidence contained in the presentence report. *Battaglia v. United States*, 390 F.2d 256, (9th Cir. 1968).

In sum, by the district judge predetermining that Mr. Guntipally "obstructed justice", by filing his § 2255 Motion, during the time in which his wife's defense attorney chose to file her Motion to Withdraw Her Guilty Plea, the Court has rendered Mr. Guntipally's rights to a partial judge presiding over his § 2255 matters useless. Certainly, this would cause a reasonable person to, at the very least, "harbor doubts" about the Court's impartiality in this case.

"More important, the timing of Venkat's § 2255 motion strongly suggests that the § 2255 motion is an attempt to create new evidence to support Defendant's motion to withdraw guilty plea."

"Venkat's curiously timed § 2255 motion—filed before he enters custody and over nineteen months after his own guilty plea—appears part of defendant's pattern of obstruction, and the Court affords it no weight."

Although Judge Lucy Koh commented adversely against Mr. Guntipally, Judge Koh stated that "the Court affords it no weight. As in *Battaglia*, the Court's assurance... does not undue her impartial assertion against Mr. Guntipally. As in *Battaglia*, Judge Lucy Koh should be humbly recused from presiding over Mr. Guntipally's now-pending § 2255 matters.[1]

### III. CONCLUSION

Given the allegations contained in the attached declaration, which the Court must presume to be true and which hopefully should be undisputed, as well as the totality of the facts (especially the predetermination of Mr.Guntipally "obstructing justice", by his choosing when to file his 2255 Motion), it would appear that a reasonable person would conclude that bias exists in

---

[1] On Appeal to the Ninth Circuit, Mr. Battaglia challenged an order of the United States District Court for the District of California, which denied his motion filed pursuant to 28 U.S.C.S. § 2255 to set aside and vacate his conviction for violating 18 U.S.C.S. § 1343. Appellant prisoner filed a motion to set aside and vacate his conviction. He alleged that he consumed large quantities of drugs throughout the trial and that he was not able to fully communicate with his attorney. The attorney testified at the 28 U.S.C.S. § 2255 hearing that his client was not competent to assist at the trial. The district court judge commented adversely on the attorney's credibility, but he said that it would not prejudice his views. Appellant's testimony was sufficient to justify findings that he was incompetent during the trial, assuming the district court believed his testimony. The district court denied the motion to set aside and vacate the conviction because it did not believe appellant's testimony. In reaching that decision, the judge relied on a presentence report that was not in evidence or disclosed to appellant. On appeal, the court reversed the order denying the motion to set aside and vacate the conviction and remanded the case. The court held that the district judge should have recused himself from conducting the hearing, disregarded the presentence report, or given appellant the report so he could object to it or attempt to rebut it. The court reversed the order denying appellant's motion to set aside and vacate the conviction and remanded the case. The court held that the district court judge should have recused himself and not considered the presentence report in reaching his decision or given appellant a copy of it so that he could either object to it or try to rebut the evidence contained in the presentence report. Battaglia v. United States, 390 F.2d 256, 257, (9th Cir. 1968)

this case and, therefore, the Court must recuse itself under 28 U.S.C. § 144. Nevertheless, putting aside the question of whether actual prejudice exists, there can be no doubt that a reasonable person looking at the totality of the circumstances would harbor doubts" about the Court's impartiality and, therefore, Judge Koh should certainly recuse herself under 28 U.S.C. § 144.

DATE: 3/29/2019

Respectfully submitted,

_____
Venkat Guntipally, Movant[2]
BOP Prison Reg. No. 20028-111
37817 Laurus Court
Fremont, CA 94536

---

[2] **DECLARATION OF VENKAT GUNTIPALLY**: I, Venkat Guntipally, due hereby swear under penalty of perjury pursuant to Title 28 U.S.C. Se. 1746, that the contents in this document are true and correct and will testify to same in a court of law. As ground for this Motion to Recuse Judge Kho, I declare that (i) Based on Judge Kho accusing me of "obstructing justice" because I filed my Sec. 2255 Motion, I sincerely fear that Judge Kho is partial, prejudice, and biased against me; (ii) In reading Judge Kho's Order denying Sunitha Guntipally's Motion to withdraw her guilty plea, I observed where Judge Kho referred to me, by my name, over 75-times in total. Respectfully, the cumulative effect of Judge Kho's scathing remarks leads me believe that Judge Kho is obviously partial, bias, and prejudiced against me. Hence, unless Judge Kho is recused from my Sec. 2255 matters, I fear that I will not receive a partial and just outcome.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date, 3/29/2019, a true and correct copy of the foregoing was furnished by United States Mail to:

U.S. Attorney's Office
Heritage Bank Building
150 Almaden Blvd. Suite 900
San Jose, CA 95113

DATE: 3/29/2019

Respectfully submitted,

_____
Venkat Guntipally, Movant
BOP Prison Reg. No. 20028-111
37817 Laurus Court
Fremont, CA 94536