Venkat Guntipally
Reg. No. 20028-111
Federal Correctional Institution
FCI Sheridan Satellite Camp
P.O. Box 6000
Sheridan, Oregon 97378

FILED

JAN 17 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENKAT GUNTIPALLY, | ) Civ.No.: |
| | ) USDC No.: 5:16-cr-189-LHK-2 |
| Petitioner, | ) Cv. Case No.: 5:19-cv-00098-LHK |
| | ) |
| | ) MOTION TO RE-OPEN AND AMEND |
| vs. | ) DISTRICT COURT'S AUGUST 19, 2019 |
| | ) JUDGMENT PURSUANT TO FED.R.CIV.P. |
| | ) 60(b)(3), (b)(6), and (d)(3): |
| UNITED STATES OF AMERICA, | ) Denial of Petitioner's §2255 |
| | ) Habeas Corpus |
| Responden. | ) |
| | ) |

COMES NOW, the Petitioner Venkat Guntipally and respectfully

Moves this honorable Court for an Order Granting his Motion to

Re-Open and Amend District Court's August 19, 2019, Judgment

Pursuant to Fed.R.Civ.P. 60(b)(3), (b)(6), and (d)(3): Denial

of Petitioner's §2255 Habeas Corpus.

Petitioner submits that the following reasons warrant

a response to Petitioner's claims and warrant an evidentiary

hearing:

1. Petitioner Guntipally raised a genuine factual
   dispute of material fact.

2. The record did not show that Petitioner Guntipally
   was entitled to no relief.

3. The under penalty of perjury statements by Counsel
   Leeming are in direct conflict and are contradicted
   by the evidence.

4. Counsel Leeming's under penalty of perjury statements
   warrant further investigation and raise serious doubts
   as to its truthfulness and credibility.

## I. Standard under 60(b)(3) and 60(d)(3)

Federal Rule of Civil Procedure 60 enumerates several possible grounds for setting aside a judgment. While Rule 60(c) sets a one-year time limit for a Rule 60(b)(3) motion based on "fraud...,misrepresentation, or misconduct," Rule 60(d)(3) provides that "[t]his rule does not limit a court's power to...set aside a judgment for fraud on the court" (emphasis added). Therefore, relief based on fraud on the court is not subject to the one-year time limit. Appling, 340 F.3d at 784. Because this motion is made within a year after the entry of judgment in this case, Petitioner Guntipally's motion is timely.

A court's power to grant relief from judgment for fraud on the court stems from "a rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments regardless of the term of their entry." Hazel-Atlas, 322 U.S. at 244 (citing Marine Ins.Co. v. Hodgson, 11 U.S. (7 Cranch) 332, 3 L.Ed. 362 (1813); Marshall v. Holmes, 141 U.S. 589, 12 S.Ct. 62, 35 L.Ed. 870 (1891)). However, the Supreme Court has noted that "[o]ut of deference to the deep-rooted policy in favor of the response of judgments...,courts of equity have been cautious in exercising [this] power." Id. (citing United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878)). Thus, relief from judgment for fraud on the court is "available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998).

The Ninth Circuit has emphasized that "not all fraud is fraud on the court." In re Levander, 180 F.3d 1114, 1119 (9th

1

Cir. 1999). "In determining whether fraud constitutes fraud on the court, the relevant inquiry is not whether fraudulent conduct 'prejudiced the opposing party,' but whether it 'harmed the integrity of the judicial process.'" Estate of Stonehill, 660 F.3d 444 (internal alterations omitted)(quoting Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir. 1989)). Fraud on the court must be an "intentional, material misrepresentation." In re Napster, Inc. v. Copyright Litig., 479 F.3d 1078, 1097 (9th Cir. 2007), abrogated on other grounds by Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009). Thus, fraud on the court "must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." Pumphre v. K.W. Thompson Tool Co., 62 F.3d 1128, 1131 (9th Cir. 1995)(quotion Abatti v. Commissioner, 859 F.2d 115, 118 (9th Cir. 1988)).

In addition, the relevant misrepresentations must go "to the central issue in the case," Estate of Stonehill, 660 F.3d at 452, and must "affect the outcome of the case," id. at 448. In other words, the newly discovered misrepresentations nust "signi-ficantly change the picture already drawn by previously available evidence." Id. at 435. In that vein, "[m]ere nondisclosure of evidence is typically not enough to constitute fraud on the court, and 'perjury by a party or witness, by itself, is not normally fraud on the court'" unless it is "so fundamental that it undermined the workings of the adversary process itself." Id. at 444-45 (quoting Levander, 180 180 F.3d at 1119). However, perjury may constitute fraud on the court if it "involves, or is suborned by, an officer of the court." 12 J.W. Moore, Moore's Federal Practice

2

§ 60.21[4][c]; see In re Intermagnetics Am., Inc., 926 F.2d 912, 917 (9th Cir. 1991).

Petitioner submits that the Ninth Circuit and the Supreme Court have consistently applied this standard for fraud on the court even in cases involving government attorneys, rather than creating some different standard for these cases. Beggerly, 524 U.S. at 47; Pizzuto, 783 F.3d at 1181; Estate of Stonehill, 660 F.3d at 449. Moreover, relief for fraud on the court is available only where the fraud was not known at the time of settlement or entry of judgment. See, e.g. Hazel-Atlas, 322 U.S. at 244 (allowing relief for "after-discovered fraud); Haeger v. Goodyear Tire & Rubber Co., 813 F.3d 1233, 1243-45 (9th Cir. 2016)(analogizing to fraud on the court, where crucial information was concealed until after settlement and entry of judgment), overruled on other grounds, 137 S.Ct. 1178, 197 L.Ed.2d 585 (2017); Pumphrey, 60 F.3d at 1133 (finding fraud on the court where crucial information was concealed and came to light after entry of judgment); In re Levander, 180 F.3d at 1120 (same). This limitation arises because issues that are before the court or could potentially be brought before the court during the original proceedings "could and should be exposed at trial." In re Levander, 18 F.3d at 1120 (citing Gleason v. Jandrucko, 860 F.3d 556, 560 (2d Cir. 1988)); see also id. at 1119-20 (explaining that there is no fraud on the court where "the plaintiff had the opportunity to challenge the alleged perjured testimony or non-disclosure because the issue was already before the court"). As the district court correctly explained, allowing parties to raise issues that

3

should have been resolved at trial amounts to collateral attacks and undermines "the deep rooted policy in favor of the repose of judgments." Hazel-Atlas, 322 U.S. at 244.

The decision in Hazel-Atlas does not undermine this principle, despite a defendant having some knowledge of the fraud prior to trial and settlement. First, as the Ninth Circuit has already noted, the Court's opinion in Hazel-Atlas specifically stated that relief is available for "after-discovered fraud." Id. And second, the majority opinion in Hazel-Atlas explained that Hazel-Atlas Glass Company had indeed attempted to uncover the suspected fraud before trial, but it had been thwarted by a witness who blatantly lied about the relevant issue. Id. at 242-43. After settlement and entry of judgment, it came to light that the witness had been contacted by Hartford Empire's attorney's shortly before he lied to Hazel-Atlas's attorneys, and that Hartford-Empire had compensated the witness shortly threafter with an $8,000 payment for his lie. Id. Thus, the key information in Hazel-Atlas was revealed only after entry of judgment, ultimately supporting the proposition that relief is available only for fraud discovered after judgment is entered.

Similarly, despite some earlier language suggesting otherwise, see Pumphrey, 62 F.3d at 1133, our decision in Appling v. State Farm clarified that where the moving party "through due diligence could bave discovered" the alleged perjury or non-disclosure, such fraud does "not disrupt the judicial process" and thus does not constitute fraud on the court. 340 F.3d at 780. Thus, a finding of fraud on the court is reserved for material, intentional misrepresenations that could not have been discovered earlier, even through due diligence.

4

Here, the honorable District Court denied Petitioner these claims without an evidentiary hearing. Petitioner Guntipally submits that while many of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the "files and records," these allegations required an evidentiary hearing under well settled law. Stoia v. United States, 24 F.3d 768 (7th Circuit 1994); Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994)(same); Nichols v. United States, 75 F.3d 1137, 1145-46 (7th Cir. 1996)(petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); United States v. Witherspoon, 231 F.3d 923; 2000 U.S.App. LEXIS 27778 (4th Cir. 11-6-00)(petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations).

Petitioner Guntipally submits that the declarations made by Peter Leeming were used by the Government to undermine Mr. Guntipally's ineffective assistance of counsel claims against Leeming. The evidence presented by Mr. Guntipally clearly shows that Leeming's sworn assertions were patently false.

Petitioner Guntipally submits that on Monday, April 17, 2017, at 5:40 PM, Peter Leeming sent an important email to Mr. Guntipally indicating that the evidence against him was minimal and that if he did not plead guilty, that his codefendants would testify against him ("Sunitha" is Mr. Guntipally's wife). In reality, the contents of Leeming's email factually **belie** his assertions made in his sworn declaration [ECF No. 333 at Exhibit 1]. The email states:

> "I did raise the issue of you being able to try the
> case to a jury given the minimal evidence against you.
> He disagreed, quite strongly. Without explicitly saying
> so, he mentioned that others were ahead of you and Sunitha
> in the plea process and we should expect them to testify
> against you if a trial were to occur. He gave no specifics
> beyond that, but as you know we think that at least one of
> co-defendants is cooperating and I have no reason to not
> believe that all of them are."

See, [ECF No. 358 at Exhibit 1].

All-in-all, the irrefutable evidence clearly shows that Peter
Leeming, contrary to the Government's assertions, did tell Mr.
Guntipally that if he did not take the Government's plea deal, that "we
should expect them (codefendants - including Sunitha Guntipally)
to testify against you if a trial were to occur. Hence, it was
the Government's knowing use of Peter Leeming's false declaration
that fosters the false impression that Mr. Guntipally is a liar -
and that Leeming never told Mr. Guntipally that his wife would be
forced to testify against him if he chose to go to trial.

### KNOWING USE OF FALSE EVIDENCE IN OPPOSITION TO MOVANT'S 28 U.S.C. §2255 MOTION TO VACATE HIS CONVICTION

Petitioner submits that the Government and Peter Leeming
crossed the boundary of acceptable behavior when the prosecution
heavily relied on Peter Leeming's false declaration in its
opposition to Movant's claims involving Leeming rendering
ineffective assistance of counsel.

As such, this honorable Court should re-open, vacate, and
amend the August 19, 2019, judgment to reflect that the claims
and facts raised by Petitioner Guntipally do not show that
Petitioner Guntipally is not entitled to relief and that a
evidentiary hearing is warranted based on the misconduct and
misrepresentations to and before the honorable Court.

7

## II. Rule 60(b)(6)

Petitioner seeks reconsideration of the final judgment entered in this case pursuant to the catch-all provision of Rule 60(b)(6), which permits the court to "relieve a party or its representative from final judgment" for certain enumerated reasons or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Under the catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond its control that prevented [the party] from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006)

The Supreme Court had stated that Rule 60(b)(6) relief may be had only under "extraordinary circumstances." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 864, 108 S.Ct. 2194, 100 L.Ed. 2d 855 (1988). The Ninth Circuit thus requires that a party seeking relief "demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010); United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)("Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests"). Moreover, the rule is to be "used sparingly as an equitable remedy to prevent manifest injustice." citing Lal, 610 F.3d at 524 (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005).)

The Court considers three factors when deciding whether to set aside a default judgment: whether (1) the defendant's culpable conduct led to the default, (2) defendant has no meritorious défense

8

or (3) reopening the default judgment would prejudice the plaintiff. Falk v. Allen, 739 F.2d 461, 462 (9th Cir. 1984). '"[T]his tripartite test is disjunctive,' meaning that the district court may deny the motion [to vacate] if any of the three factors [is] true" American Ass'n of Naturopathic Physicians v. HayHurst, 227 F.3d 1104, 1108 (9th Cir. 2000)(quoting In re Hammer, 940 F.2d 524, 525-26 (9th Cir. 1991)).

/////
/////
/////
/////
/////
/////
/////                    Left blank intentionally.
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////
/////

A. THE DISTRICT COURT'S AUGUST 19, 2019, JUDGEMENT SHOULD BE RE-OPENED VACATED, AND AMENDED TO REFLECT THAT THE CLAIMS AND FACTS RAISED BY PETITIONER GUNTIPALLY DO NOT SHOW THAT PETITIONER IS NOT ENTITLED TO RELIEF AND THAT A EVIDENTIARY HEARING IS WARRANTED BASED ON GOVERNMENT AND ATTORNEY MISCONDUCT (FRAUD)

Here, Petitioner Guntipally submits that perjury may constitute fraud on the court if it "involves, or is suborned by, an officer of the court." 12 J.W. Moore, Moore's Federal Practice §60.21[4][c]; see In re Intermagnetics Am., Inc., 926 F.2d 912, 917 (9th Cir. 1991). This standard has been consistently applied by the Supreme Court in cases involving government attorneys. Beggerly, 524 U.S. at 47; Pizzuto, 783 F.3d at 1181; Estate of Stonehill, 660 F.3d at 449.

As stated in Petitioner Guntipally's pleadings:

5. On March 08, 2018, the Government filed its Oppisition to Movant's 28 U.S.C. §2255 motion to vacate his conviction. ECF No. 333. Here, the Government begins its argument that, Mr. Guntipally cannot satisfy either prong of Strickland, because:..."the record establishes that Leeming provided thorough and capable representation and that Mr. Guntipally's atttacks are lies."[ECF No. 333 at 6]. In support, of its opposition, the Government heavily relies on the "false" assertions made in the Declaration of Peter A. Leeming [ECF No. 333 at Exhibit 1]. For example:

6. In opposition to Movant's claims of ineffective assistance of counsel, **Leeming falsely** declares:

Mr. Guntipally states in his declaration at Paragraph 3 that I threatened him in order to make him plead guilty, and that if he did not do so the Government would force Mrs. Guntipally to testify against him. **This is not true.** Document 333-1 at ¶13.

I never told Mr. Guntipally that the government would force his wife to testify against him if he went to trial. Document 333-1 at ¶4.

Mr. Guntipally alleges that I rushed and coerced his guilty plea in order to conceal my unpreparedness for trial. Mr. Guntipally was always clear with me that he did not want to go to trial and wanted to resolve his case as favorably as possible. Document 333-1 at ¶12.

B. THE DISTRICT COURT'S AUGUST 19, 2019, JUDGMENT SHOULD BE RE-OPENED, VACATED, AND AMENDED TO REFLECT THAT PETITIONER GUNTIPALLY'S GUILTY PLEA IS VOID DUE TO THE BRADY VIOLATIONS PURSUANT TO FED.R.CIV.P. 60(b)(6)

Petitioner submits that the question here is whether extra-ordinary circumstances presented herein justify relief by the Court under Fed.R.Civ.P. 60(b)(6).

In sum, two major pieces of evidence were not disclosed by the Government: (a) the recanted statements of Sandhya Ramireddi date December 29, 2017; and (b) the recanted statements of Sunitha Guntipally, dated December 18, 2018. The discovery was needed to determine waht additional relevant documents existed as a result of those events being December 29, 2017, and the December 18, 2018, event.

Mr. Guntipally's discussion below is organized under three categories, each one bearing materially and critically on his defense.

These categories are:

A. Documents impeaching codefendant Sandhya Ramirredi's credibility;

B. Documents impeaching the other codefendants credibility;

C. Documents pointing to evidence that's exculpatory in nature.

Here, Petitioner was deprived of entering a knowing, intelligent, and voluntary plea as a result of the Government's failure to dis-close the abovenamed evidence.

Petitioner submits that initially, the court evaluates whether defendant's motion to reopen proceedings is a true Rule 60(b) motion or an unauthorized second or successive petition under Section 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531-32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005)(petitioners cannot

circumvent statutory certification requiremens applicable to
second or successive applications by filing pleadings labeled
as Rule 60(b) motions, which in substance are habeas corpus petitions).
A "true" Rule 60(b) motion either "(1) challenges only a procedural
ruling of the habeas corpus court which precluded a merits deter-
mination of the habeas application; or (2) challenges a defect
in the integrity of the federal habeas proceeding, provided that
such a challenge does not itself lead inextricably to a merits-
based attack on the disposition of a prior habeas petition."
Spitznas v. Boone, 464 F.3d 1213, 1216 (10th Cir. 2006)(citing
Gonzalez, 545 U.S. at 532 & n.4). Because Mr. Guntipally's motion
only challenges the district Court's procedural ruling to deny
a evidentiary hearing based on clear misconduct, it should be
treated as a true Rule 60(b) motion.

Rule 60(b) of the Federal Rules of Civil Procedure permits
a party to move the Court for relief from a judgment or order
for mistake, inadvetence, excusable neglect, fraud, or any other
reasons justifying relief from the operation of the judgment.
"Rule 60(b) relief is extraordinary and may only be granted in
exceptional circumstances." Lebahn v. Owens, 813 F.3d 1300, 1306
(10th Cir. 2016)(quotation marks and citation omitted).

Mr. Guntipally argues that the honorable District Court
erred in not holding an evidentiary hearing to resolve the genuine
issues of material fact, and the misconduct and fraud by the
Government and Peter Leeming.

For this reasons, Petitioner Guntipally requests that the
District Court's August 19, 2019, Judgment should be reopened,
vacated and amended to reflect that Petitioner's Guilty plea
is void due to misconduct, fraud and Brady violations.

11

## RELIEF REQUESTED

For the abovenamed reasons, Petitioner prays this honorable

Court:

      (a) Re-Open and Amend the August 19, 2019, Judgment to reflect that Petitioner is entitled to an evidentiary hearing on his claims of fraud;

      (b) Re-Open and Amend the August 19, 2019, Judgment to reflect that the Court Grants Petitioner Leave to Expand the Record and Leave to Utilize Discovery Tools under Rule 6 of the Federal Habeas Corpus proceedings;

      (c) Re-Open and Amend the August 19, 2019, Judgment to reflect that the honorable Court Appoints Counsel for Petitioner during his habeas corpus proceedings;

      (d) Re-Open and Amend the August 19, 2019, Judgment to reflect that the honorable Court Petitioner Leave to proceed with his claims raised in his §2255 Motion;

      (e) Re-Open and Amend the August 19, 2019, Judgment to reflect that the honorable Court Grants Petitioner a Certificate of Appealability on his claims; and or

      (f) Re-Open and Amend the August 19, 2019, Judgment to reflect an Order to be entered deeming what this honorable Court deems just and proper.

Dated this 13th day of January, 2020.

Respectfully submitted,

Venkat Guntipally #20028-111
FCI Sheridan Satellite Camp
P.O. Box 6000, Sheridan, OR
97378

<u>CERTIFICATE OF SERVICE</u>

I, <u>Venkat Guntipally</u>, hereby certify that I have

served a true and correct copy of;

         Motion to Reopen and amend district Court's August 19,
2019, Judgment pursuant to Fed.R.Civ.P. 60(b)(3), (b)(6),
         and (d)(3): Denial of Petitioner's § 2255 Habeas Corpus

[which is considered filed/served at the moment it was delivered

to prison authorities for mailing as provided for in Houston v.

Lack, 487 U.S. 266, 101 L.Ed.2d 245 (1988)] to the following

listed parties/persons by placing a complete copy of the above

described materials in a sealed envelope affixed with the

appropriate pre-paid first-class United States postage:

         United States District Court
Norhtern District of California
         280 South First Street, Room 2112
San Jose, California 95113-3002

and deposited same with prison officials here at the Federal

Correctional Institution in

<u>13</u>  day of <u>January</u>, 20<u>20</u>.

Pursuant to Title 28, United States Code section 1746, I

declare under penalty of perjury that the foregoing is true and

correct.  Executed this the  <u>13</u>  day of <u>January</u>, 20<u>20</u>.

(Signature) _____

Printed Name: Venkat Guntipally
                         Reg. No. 20028-111
Federal Correctional Institution
                         FCI Sheridan Satellite Camp
                         P.O. Box 6000
                         Sheridan, Oregon 97378