UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>SUNITHA GUNTIPALLY,<br>Defendant. | Case No. 16-CR-00189-LHK<br><br>**ORDER GRANTING SENTENCE REDUCTION**<br><br>Re: Dkt. No. 423 |

Defendant Sunitha Guntipally ("Defendant") is currently in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Dublin, California ("FCI Dublin"). Defendant moves for a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 423. For the reasons set forth below, the Court GRANTS Defendant's motion for a sentence reduction.

## I.     BACKGROUND

Defendant pled guilty to conspiracy to commit visa fraud, false statements, mail fraud, obstruction of justice, and witness tampering, in violation of 18 U.S.C. § 371. ECF Nos. 163, 165. Defendant signed and filed with the federal government at least 125 fraudulent H1-B applications from 2010 to 2014, which generated gross profits of approximately $15 million and net profits of

approximately $3.3 million.  Second Amended Presentence Investigation Report ("PSR") ¶ 17, ECF No. 338; ECF No. 228 at 37:15-17; ECF No. 334 at 11; ECF No. 376 at 102:22-104:3.

This case has a long history after Defendant's guilty plea, including two appeals.  The most recent event is the Ninth Circuit's May 13, 2020 affirmance, ECF No. 421, of this Court's denial of Defendant's motion to withdraw her guilty plea, ECF No. 334.  This Court's 47 page order, which need not be recounted here, discusses how the record conclusively contradicts Defendant's allegations in that motion.  ECF No. 334.

Relevant to the instant motion is the fact that the Court sentenced Defendant to 52 months in custody.  ECF No. 360.  Defendant self-surrendered on March 2, 2018.  ECF No. 249.  Thus, Defendant has served almost 33 months.  Assuming Defendant qualifies for good time credits, Defendant's projected release date is November 7, 2021.  *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Nov. 23, 2020).  Thus, Defendant has served almost 63% of her sentence.  Assuming good time credits, Defendant has served about 74% of her sentence.

## II.     LEGAL STANDARD

18 U.S.C. § 3582(c) allows a court to modify a defendant's "term of imprisonment . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant."  A defendant may bring a § 3582(c) motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

"[A]fter considering the factors set forth in § 3553(a) to the extent applicable," a court may grant the motion to reduce the defendant's sentence in two circumstances.  As relevant here, a court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A).  The relevant Sentencing Commission policy statement enumerates several "extraordinary and compelling reasons."  U.S. Sentencing

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Guidelines ("U.S.S.G") § 1B1.13(1)(A) & cmt. 1.  A defendant fulfills one of the enumerated

2  reasons when the defendant is "suffering from a serious physical or medical condition . . . that

3  substantially diminishes the ability of the defendant to provide self-care within the environment of

4  a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt.

5  1(A)(ii).  The Commission also requires that the defendant not pose a danger to the safety of the

6  community. *Id.* § 1B1.13(2).

7  ### III.  DISCUSSION

8      In analyzing whether a defendant is entitled to a sentence reduction under 18 U.S.C.

9  § 3582(c)(1)(A)(i), courts determine whether a defendant has satisfied three requirements.  First, a

10  defendant must exhaust his administrative remedies.[1]  Second, a defendant must establish that the

11  § 3553(a) sentencing factors "are consistent with" granting a motion for a sentence reduction.

12  *United States v. Trent*, 2020 WL 1812242, at *2 (N.D. Cal. Apr. 9, 2020).  Third, a defendant

13  must demonstrate that "extraordinary and compelling reasons"—as defined by the applicable

14  Sentencing Commission policy statement—"warrant . . . a reduction." 18 U.S.C.

15  § 3582(c)(1)(A)(i).

16      As to the first requirement, exhaustion, the government concedes that Defendant has

17  exhausted her administrative remedies.  Opp. at 2-3, ECF No. 424; *see* 18 U.S.C. § 3582(c)(1)(A)

18  (allowing a court to modify a term of imprisonment "upon motion of the defendant after . . . the

19  lapse of 30 days from the receipt of such a request [to bring a motion on defendant's behalf] by the

20  warden of the defendant's facility").

21      As a result, only the second and third requirements are at issue in the instant case.  In its

22

23  ─────────────────

24  [1] Courts disagree as to whether Section 3582's exhaustion requirement is jurisdictional and subject
to equitable exceptions.  *Compare United States v. Connell*, --- F. Supp. 3d ---, 2020 WL 2315858,

25  at *2-5 (N.D. Cal. May 8, 2020) (finding "Section 3582's exhaustion provision is . . . not
jurisdictional" and subject to equitable exceptions), *with United States v. Reid*, 2020 WL 1904598,

26  at *4 (N.D. Cal. Apr. 18, 2020) ("The Court cannot forgive the failure to exhaust, and without

27  exhaustion, the Court lacks jurisdiction over the motion [for compassionate release].").  However,
the Court need not reach this issue because Defendant has exhausted her administrative remedies.

28

Case No. 16-CR-00189-LHK
ORDER GRANTING SENTENCE REDUCTION

opposition, the government first addresses whether Defendant has demonstrated that extraordinary and compelling reasons warrant a sentence reduction pursuant to 18 U.S.C. §3582(c)(1)(A) then addresses § 3553(a) sentencing factors.  The Court does the same.

### A.    Extraordinary and Compelling Reasons

A court may reduce a defendant's sentence if it finds "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The relevant Sentencing Commission policy statement enumerates several "extraordinary and compelling reasons."  U.S.S.G. § 1B1.13(1)(A) & cmt. 1. As mentioned above, a defendant fulfills one of these reasons when the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  Id. § 1B1.13 cmt. 1(A)(ii).  The Commission also requires that the defendant not pose a danger to the safety of the community.  Id. § 1B1.13(2).

At the time of Defendant's April 8, 2019 sentencing, Defendant was 46 years old.  ECF No. 338 ¶ 80.  At the time of sentencing, Defendant did not take any medications.  ECF No. 338 ¶ 81.  However, Defendant reported that she had been diagnosed about ten years ago with pre-diabetes.  Id.  Defendant also reported having gestational diabetes when pregnant with her son, who was born in 2001.  Id.; ECF No. 376 at 94:24.

In her instant motion, Defendant, who is now 47 years old, asserts that she suffers from high blood pressure, diabetes, bladder issues, high cholesterol, and anemia.  ECF No. 423 at 8. The government concedes that Defendant's Type 2 diabetes mellitus "is among the conditions identified by the CDC [Centers for Disease Control] on its website as increasing a person's risk for developing serious illness from COVID-19."  Opp. at 7.  The government concedes that Defendant's diabetes was "'not well controlled' as Defendant tried different prescriptions."  Id. at 2.  The government also "notes that high blood pressure is among the conditions identified by the CDC on its website that may increase a person's risk for developing serious illness from COVID-

United States District Court
Northern District of California

United States District Court
Northern District of California

1    19, while bladder issues, high cholesterol, and anemia are not among the conditions identified by

2    the CDC on its website that increase or may increase a person's risk for developing serious illness

3    from COVID-19." *Id.* at 7. The government concedes that Defendant has presented an

4    extraordinary and compelling reason. Specifically, the government states: "Given the current

5    pandemic and the likelihood that if Defendant contracted COVID-19, she would potentially suffer

6    severe symptoms due to her personal health characteristics, the government does not contest that

7    Defendant presents an extraordinary and compelling reason." *Id.*

8        However, the government contends that the Bureau of Prisons has taken significant

9    measures to protect the health of inmates in its charge. Opp. at 7. As of the date of this Order,

10    FCI Dublin has 0 inmates and 0 staff testing positive for COVID-19. *See* Bureau of Prisons,

11    *COVID-19 Cases*, https://www.bop.gov/coronavirus/index.jsp (last visited Nov. 23, 2020). Thus

12    far, throughout the COVID-19 pandemic, 9 inmates and 6 staff at FCI Dublin have recovered from

13    COVID-19. *Id.* No inmates or staff at FCI Dublin have died from coronavirus. *Id.*

14        Numerous courts have noted the realities that incarceration prevents imprisoned defendants

15    from engaging in practices that reduce the risk of contracting COVID-19. *See, e.g., United States*

16    *v. Lucas,* 2020 WL 2059735, at *3 (W.D.N.Y. Apr. 29, 2020) (noting that the "conditions [at FCI

17    Morgantown] make the social distancing required to minimize the risk of contracting COVID-19

18    nearly impossible" and that this "is not surprising given the challenges social distancing presents

19    in a prison or any facility with many residents"); *Trent*, 2020 WL 1812242, at *2 ("Confined to a

20    small cell where social distancing is impossible, Trent cannot provide self-care because he cannot

21    protect himself from the spread of a dangerous and highly contagious virus." (alterations omitted)

22    (quoting *United States v. Perez*, --- F. Supp. 3d ---, 2020 WL 1546422, at *4 (S.D.N.Y. Apr. 1,

23    2020))). Put simply, "[a]dequately caring for someone with underlying health conditions like

24    [Defendant's] entails reducing that individual's risk of exposure to COVID-19; keeping

25    [Defendant] [incarcerated] is not the 'most effective manner' of mitigating that risk." *Connell*,

26    2020 WL 2315858, at *6. Because of Defendant's Type II diabetes and high blood pressure, the

27    Court finds that Defendant has demonstrated extraordinary and compelling reasons that warrant a

28

Case No. 16-CR-00189-LHK
ORDER GRANTING SENTENCE REDUCTION

1    sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).

2    **B.  Section 3553(a) Sentencing Factors**

3           The statute governing motions for sentence reductions, 18 U.S.C. § 3581(c)(1)(A), requires

4    that courts also "consider[] the factors set forth in section 3553(a)."  Those factors include, among

5    other things, the nature and circumstances of the offense and the history and characteristics of the

6    defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote

7    respect for the law, to provide just punishment for the offense, to afford adequate deterrence to

8    criminal conduct, to protect the public from further crimes of the defendant, and to provide the

9    defendant with needed medical care in the most effective manner; and the need to avoid

10   unwarranted sentence disparities among defendants with similar records who have been found

11   guilty of similar conduct.  18 U.S.C. § 3553(a).

12          Here, the government argues that granting Defendant's motion would undermine the

13   § 3553(a) factors because of Defendant's extensive fraud from 2010 to 2014 that resulted in

14   significant profits as well as Defendant's intimidation of a codefendant while at FCI Dublin and

15   her belated claim of innocence.  Opp. at 8-9.

16          The Court agrees that Defendant's fraud was extensive.  Defendant signed and filed at least

17   125 fraudulent H1-B applications from 2010 to 2014, which generated gross profits of

18   approximately $15 million and net profits of approximately $3.3 million.  ECF No. 334 at 11; ECF

19   No. 338 ¶ 17; ECF No. 228 at 37:15-17; ECF No. 376 at 102:22-104:3.  Defendant was the

20   instigator, leader, and recruiter of co-defendants.  ECF No. 338 ¶ 59; ECF No. 228 at 27:18-19.

21   After Defendant learned of the federal investigation, Defendant created false records and fake

22   email accounts, instructed others to fabricate information on their documents, and instructed others

23   to lie to federal agents or not answer the phone if federal agents called.  ECF No. 338 ¶¶ 29-39,

24   42-49.  The Court's 47 page order denying Defendant's motion to withdraw her guilty plea

25   discusses how the record conclusively contradicts Defendant's allegations in that motion.  ECF

26   No. 334.

27          Moreover, the Court found highly credible and factually corroborated co-defendant

28

Case No. 16-CR-00189-LHK
ORDER GRANTING SENTENCE REDUCTION

United States District Court
Northern District of California

Ramireddi's allegations that after Defendant self-surrendered at FCI-Dublin, where Ramireddi was also incarcerated, Defendant threatened and tried to blackmail Ramireddi to help Defendant get out of prison. ECF No. 376 at 106:11-111:19.

Nonetheless, another § 3553(a) factor weighs in Defendant's favor. In conducting the § 3553(a) analysis, courts must "consider . . . the need for the sentence imposed . . . to provide the defendant with needed . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). As courts have concluded, defendants are "unlikely to be able to get the medical care [they] need[] [while imprisoned] in the midst of the pandemic." *Connell*, 2020 WL 2315858, at *6. The Court has already discussed above how Defendant's Type II diabetes and high blood pressure constitute extraordinary and compelling reasons that warrant a sentence reduction.

Moreover, Defendant has served almost 33 months in prison. Assuming Defendant qualifies for good time credits, Defendant's projected release date is November 7, 2021. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Nov. 23, 2020). Thus, Defendant has served almost 63% of her sentence. Assuming good time credits, Defendant has served about 74% of her sentence.

Furthermore, a sentence reduction would not create unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). In the instant case, Defendant was the leader and the most culpable. ECF No. 338 ¶ 59; ECF No. 228 at 27:18-19. The Court sentenced Defendant's less culpable co-defendants as follows: Sandhya Ramireddi 14 months; Pratap Kondamoori 20 months; and Venkat Guntipally, who is Defendant's husband, 30 months. ECF 338 ¶ 6. Thus, Defendant's approximately 33 months of incarceration constitute a longer period of incarceration than that of any of her less culpable co-defendants.

Finally, Defendant will not be released to home confinement to serve the remainder of her prison term. When Defendant's motion is granted, Defendant will be deported. Specifically, Defendant's motion attaches as an exhibit the Warden's denial of Defendant's request for home confinement. ECF No. 423 at 19. The Warden found that Defendant did not meet the

Case No. 16-CR-00189-LHK
ORDER GRANTING SENTENCE REDUCTION

United States District Court
Northern District of California

requirements for home confinement in part because Defendant is not a United States citizen and a detainer has been lodged for her deportation. *Id.* Thus, this Court follows other courts that have granted a sentence reduction to defendants with detainers, reduced the defendants' sentences to time served, and ordered that the defendants be released to Immigration and Customs Enforcement custody for removal. *See, e.g.*, *United States v. Juarez-Parra*, 2020 WL 5645703, at *5 (D.N.M. Sept. 22, 2020) (reducing sentence to time served and ordering release "into the custody of ICE for removal to Mexico"); *United States v. Acevedo*, 2020 WL 3182770, at *4 (S.D.N.Y. June 15, 2020) ("Defendant's application is GRANTED.  Defendant shall be released into the custody of ICE for removal to Mexico."); *United States v. Bennett*, 2020 WL 2539077, at *2 (S.D.N.Y. May 18, 2020) ("Considering all of the circumstances raised by Mr. Bennett's motion, and especially that ICE will deport him forthwith upon his release, the Court is prepared to grant Mr. Bennett's motion . . . ."); *United States v. Ardila*, 2020 WL 2097736, at *2 (D. Conn. May 1, 2020) (after reducing sentence to time served and ordering release from Bureau of Prisons ("BOP") custody, stating that "[u]pon release from BOP custody [defendant] shall enter the custody of Immigration and Customs Enforcement pursuant to his underlying detainer").

Here, Defendant was born and raised in India, where her mother and brother still reside. ECF No. 338 ¶¶ 73-74, 77.  Defendant's father died from a heart attack in 2007. *Id.* ¶ 73. Defendant received in India both her bachelor's degree in biology and her diploma in pharmacy, which is equivalent to an Associate of Arts degree in the United States. *Id.* ¶ 84.  Defendant came to the United States from India approximately 20 years ago. *Id.* ¶¶ 75, 77.  At her April 8, 2019 sentencing, Defendant owned bank accounts in India that held $17,360 U.S. dollars and identified "Life Insurance Corp. of India" as an additional asset worth $8,588 U.S. dollars. *Id.* ¶ 88. Defendant's husband and co-defendant, Venkat Guntipally, listed a third account at the same foreign bank holding $6,745 U.S. dollars.  Venkat Guntipally Revised Presentence Investigation Report ¶ 95, ECF No. 271.  Venkat Guntipally also acknowledged that he owned a residence in India worth $232,000 U.S. dollars. *Id.* Although Defendant did not disclose the residence in India as her asset in her presentence investigation report, Defendant claimed the mortgage liability on

that property as her monthly expense.  ECF No. 228:14-25.  At sentencing, Defendant repeatedly argued that her certain deportation to India justified a more lenient sentence.  *See, e.g.*, ECF No. 198 at 8 ("As a result, she faces deportation to India after serving her sentence"); ECF No. 228 at 26:15 ("She's going to be deported."); ECF No. 287 at 2 ("Ms. Guntipally will be forced to return to India").

Accordingly, the Court concludes that the § 3553(a) sentencing factors weigh in favor of granting Defendant's motion for a sentence reduction.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for a sentence reduction.  Defendant's sentence is reduced to time served.  Defendant shall be released from the custody of the Bureau of Prisons.  Upon release from the custody of the Bureau of Prisons, Defendant shall enter the custody of Immigration and Customs Enforcement pursuant to Defendant's detainer for removal to India.

**IT IS SO ORDERED.**

Dated: November 23, 2020

LUCY H. KOH
United States District Judge

Case No. 16-CR-00189-LHK
ORDER GRANTING SENTENCE REDUCTION

United States District Court
Northern District of California