UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VENKAT GUNTIPALLY,<br><br>Defendant. | Case No. 16-cr-00189-JSC-2<br><br>**ORDER GRANTING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 441 |

Venkat Guntipally pled guilty to conspiracy to commit visa fraud, use of false documents, mail fraud, obstruction of justice and witness tampering. In June 2018 he was sentenced to 30 months' imprisonment, to be followed by three years' supervised release. Pending before the Court is Mr. Guntipally's motion for early termination of his supervised release. Probation does not object to early termination, (Dkt. No. 448), but the government does, (Dkt. No. 449).

**LEGAL STANDARD**

A court may terminate supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice," after considering the specified Section 3553(a) factors. 18 U.S.C. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice'" in Section 3583(e)(1) "make clear that a district court enjoys discretion to consider a wide range of circumstances when considering whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Early termination of supervised release does not require a showing of "exceptionally good behavior." *United States v. Ponce*, 22 F.4th 1045, 1048 (9th Cir. 2022). Nor does it require new or changed circumstances. *Id.* Instead, in deciding whether to grant a motion for early termination, a district court must consider the factors set forth in 18

U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; (4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and the sentencing range; (6) any pertinent policy statement [] issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7). Mr. Guntipally has been on supervised release for more than one year (since January 25, 2021), so he is eligible for early termination.

**DISCUSSION**

Prior to the current conviction, Mr. Guntipally did not have any criminal history. According to the judgment, his criminal conduct ceased in 2014 and there is nothing in the docket or the government's submission that suggests he has engaged in any criminal conduct since that time. Further, he was on pretrial release from October 2014 until he self-surrendered in June 2019. The Court's review of the docket does not reveal a single allegation of a violation of the conditions of his supervised release. His performance on supervised release following his release from prison has been without incident and he is fully employed. According to the Probation Office, Mr. Guntipally has a low risk of recidivism, and their research shows that given Mr. Guntipally's circumstances, his performance on supervised release thus far, and the low level of supervision given to him, early termination of supervised release is appropriate. In addition, the Probation Office notes that Mr. Guntipally paid all of his monetary penalties and has been responsive to Probation Officer requests. Mr. Guntipally offers evidence that while incarcerated he took advantage of rehabilitative programs.

The Court finds that Mr. Guntipally's conduct and the interests of justice warrant early termination of his supervised release. His conduct shows that further supervised release is not needed for deterrence or protection of the public; nor is it required to receive rehabilitative services as none are needed. Given his 30-month sentence, felony conviction, and $500,000

penalty, an additional 20 months of supervised release is not required to acknowledge the seriousness of his crime. The government posits, without explanation, that early termination would lead to disparate sentences, but it does not identify any co-defendant who unsuccessfully moved for early termination of supervised release. Further, Mr. Guntipally explains that one reason he wishes to end his supervised release is so he can travel to India to visit with his elderly parents. This reason, too, shows that early termination is in the interests of justice.

## CONCLUSION

The goal of supervised release is deterrence, public protection or rehabilitation. *See United States v. LaCoste*, 821 F.3d 1187, 1191 (9th Cir. 2016). The record establishes that further continuing Mr. Guntipally's supervision is not required for the goal to be satisfied. The motion for early termination of supervised release is GRANTED.

This Order disposes of Docket No. 441.

**IT IS SO ORDERED.**

Dated: April 12, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge